IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK PICKENS,**

    Petitioner,

v.

**TIM SHOOP, Warden,**

    Respondent.

Case No. 1:19-cv-558
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner Pickens, a prisoner sentenced to death by the State of Ohio, has filed a Notice of Intent to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Pickens' Motion for Relief Based on COVID-19 State of Emergency (ECF No. 17), the Respondent-Warden's Response (ECF No. 19)[1], and Pickens' Reply (ECF No. 20).

Pursuant to the Court's initial scheduling order, and more importantly, the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), Pickens' habeas corpus petition is due no later than June 11, 2020. (ECF No. 12.) But on March 9, 2020, Ohio Governor Mike DeWine declared a state of emergency due to the COVID-19 outbreak, pursuant to which the Office of the Federal Public Defender, along with most other offices and businesses in the state, implemented work-at-home procedures and ceased virtually all in-person contact. (ECF No. 17, at PageID 8489-90.) Pickens' counsel state that although they have been working diligently to prepare and file the petition, their ability to complete their investigation into some of Pickens' claims has been hampered by the state of emergency and their resulting inability to meet with

---

[1] Although the Warden initially opted not to file a written response, due to Pickens' accurate recounting of the Warden's position (ECF No. 17, at PageID 8486-87, n.1), the Court

Pickens, other witnesses, and experts. (*Id.* at PageID 8491-92.) For that reason, Pickens states that he intends to file what will essentially be an initial but incomplete petition on or before the June 11, 2020, due date, but seeks up to 94 days from the date the state of emergency is lifted—the amount of time between the March 9, 2020 declaration of the state of emergency and his June 11, 2020 due date, of which he claims to have been deprived—to file an amended petition. Specifically, he requests an order: (1) allowing him to file an amended petition up to 94 days after the state of emergency is lifted; (2) granting equitable tolling of the statute of limitations and finding that the amended petition is timely if it is filed within 94 days of the lifting of the state of emergency; and (3) modifying the scheduling order to extend the deadlines for the filing of the Warden's Answer/Return of Writ and pre-evidentiary hearing motions for discovery. (*Id.* at PageID 8486-87.)

The Warden states that he does not oppose Pickens' request to file an amended petition within 94 days after the date the state of emergency is lifted, without having to first seek leave, and does not appear to oppose Pickens' request to modify the existing scheduling order. But the Warden does object to any blanket grant of equitable tolling (ECF No. 17, at PageID 8499, n.4; ECF No. 19, at PageID 8904), and asks the Court to defer ruling on the issue of whether Pickens is entitled to equitable tolling until after Pickens files his amended petition and the Warden has an opportunity to decide whether to assert the statute of limitations affirmative defense against any of Pickens' amended claims (ECF No. 19, at PageID 8905-07).

As a preliminary matter, for good cause shown and because the Warden does not object, Pickens' requests for leave to file an amended petition within 94 days of the date the state of emergency is lifted and to modify the existing scheduling order are granted. Pickens and the

---

ordered the Warden to file a written response (ECF No. 18), and the Warden promptly complied.

Warden agree that Fed. R. Civ. P. 15(a)(2) allows the filing of an amended complaint if the opposing consents in writing. (ECF No. 17, at PageID 8494; ECF No. 19, at PageID 8905-06); the Warden has provided written consent (ECF No. 18, at PageID 8904-06). Pickens shall have 94 days from the date the state of emergency is lifted to file an amended petition. And the dates in the existing scheduling order (ECF No. 12) for the Warden to file the Answer/Return of Writ and the parties to file any pre-evidentiary hearing motions for discovery will be extended as follows: the Warden shall have 120 days from the date the amended petition is filed to file the initial Answer/Return of Writ; and the parties shall have 60 days from the date the initial Answer/Return of Writ is filed to file any pre-evidentiary hearing motions for discovery.

But Pickens' request for equitable tolling is not as readily answerable. It is undisputed that the federal habeas corpus statute of limitations set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling under appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 634, 645 (2010); *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649; *Hall*, 662 F.3d at 750. Pickens asserts that he satisfies both of these requirements (ECF No. 17, at PageID 8494-95). The Warden does not appear to disagree, but nonetheless asks the Court to reserve ruling on the issue of equitable tolling until after Pickens files his amended petition and the Warden can ascertain whether any of the amended claims violates the statute of limitations. (ECF No. 18, at PageID 8906-08.)

The Court sympathizes with Pickens' dilemma: he is compelled by a statutory deadline to file a petition that circumstances outside of his control prevent him from completing, and he seeks a guarantee that the claims he cannot, through no fault of his own, fully present by the June

11, 2020 deadline will not be found untimely. But the Warden is correct that any determination of timeliness is claim-dependent. Although the Court is of the view that equitable tolling *could* ultimately be warranted under the present circumstances, the Court is also of the view that making that determination now would be premature. *See Livingston v. Secretary, Fla. Dep't of Corr.*, Case No. 3:20-cv-357, 2020 WL 1812284, *2 (M.D. Fla. Apr. 9, 2020) (holding that even if the Court had jurisdiction--given that only a *pro se* motion to toll the statute of limitations, but no petition, had been filed--"the principle of equitable tolling is an after-the-fact analysis of circumstances that may have prevented a petitioner from timely filing and does not authorize a court to grant prospective relief on equitable grounds.") (citing *Holland*, 560 U.S. at 649); *but see Cowans v. Davis*, Case No. 1:19-cv-745, 2020 WL 1503423 (E.D. Cal. Mar. 30, 2020) (preemptively granting 90 days of equitable tolling where the respondent did not oppose motion, where the respondent would not be prejudiced by the short delay, and where COVID-19 impediment implicated the petitioner's statutory right to the assistance of appointed counsel). The Court will have little difficulty finding *Holland*'s "diligence" and "extraordinary circumstances" factors. But the ultimate determination of whether equitable tolling is appropriate depends on whether the amended claims for which Pickens might seek equitable tolling are reliant on the type of in-person contact that is currently ill-advised or forbidden.

As noted above, it seems obvious that Pickens will be able to satisfy *Holland*'s "diligence" and "extraordinary circumstances" factors. The "diligence" required for equitable tolling is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Pickens' counsel assert that they have been diligently pursuing Pickens' ability to seek habeas corpus relief since Pickens completed his state court proceedings. The Warden does not challenge this assertion, and the Court has no reason to question whether Pickens' counsel have

been diligent. It thus appears that Pickens' counsel have been at least reasonably diligent.

It also seems obvious that "extraordinary circumstances" likely stand in the way of Pickens timely filing a complete petition. In fact, that is probably an understatement. As Pickens accurately recounts, since Governor DeWine's March 9, 2020, declaration of a state of emergency stemming from the coronavirus pandemic and spread of COVID-19, both the United States District Courts for the Southern and Northern Districts of Ohio have issued numerous orders restricting or suspending normal operations, the Ohio Legislature has issued legislation and the Supreme Court of Ohio has issued an administrative order tolling statutes of limitations and other filing deadlines between March 9, 2020 and July 30, 2020 (or until the state of emergency is lifted), and the United States Supreme Court on March 19, 2020 issued a minimum 60-day extension of time for any petitions for *certiorari* due after that date. (ECF No. 17, at PageID 8489-91.) The Warden does not appear to dispute the "extraordinariness" of the current circumstances, acknowledging (albeit in agreeing that Pickens should be permitted to file an amended petition once the state of emergency ends) that "unique conditions" have presented "understandable difficulties" to counsel's ability to adequately prepare Pickens' petition. (ECF No. 19, at PageID 8906.) The Warden even concedes that the travel restrictions and stay at home orders attendant to the state of emergency have hindered his ability to acquire and file the complete state court record. (*Id.*; *see also* at PageID 8907-08 ("The Warden recognizes that the pandemic has created extraordinary circumstances where equitable tolling may well apply....").) The Court takes judicial notice that, save for meeting essential needs, nearly all of us are "locked down."

This Court is of the view that the novelty of the issue presented herein militates in favor of taking the more cautious approach for which the Court has opted. It should be unmistakably

clear, however, that this Court is inclined to find equitable tolling as to any amended claim whose factual predicate even facially appears to have required the type of in-person contact, or any other activities such as travel, that the current state of emergency impedes. It should be equally clear that the burden is on Pickens to make that showing as to every claim that he adds or amends after the expiration of his one-year limitations period.

For the foregoing reasons, Pickens' motion for relief (ECF No. 17) is **GRANTED in part and DENIED without prejudice in part**. The Court orders the following; (1) Pickens shall have 94 days from the date the state of emergency is lifted to file an amended petition; (2) the dates in the existing scheduling order (ECF No. 12) for the Warden to file the Answer/Return of Writ and the parties to file any pre-evidentiary hearing motions for discovery will be extended as follows: the Warden shall have 120 days from the date the amended petition is filed to file the initial Answer/Return of Writ; and the parties shall have 60 days from the date the initial Answer/Return of Writ is filed to file any pre-evidentiary hearing motions for discovery; and (3) the Court reserves its ruling until at least after the Warden files the Answer/Return of Writ on the issue of whether equitable tolling is warranted as to any claims that Pickens adds or amends after the expiration of the statute of limitations.

*IT IS SO ORDERED.*

                                                                           EDMUND A. SARGUS, JR.
                                                                    UNITED STATES DISTRICT JUDGE

Date:   6-12-2020