IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK PICKENS,

                Petitioner,           **Case No. 1:19-cv-558**

                                            **Judge Edmund A. Sargus, Jr.**

v.                                  **Magistrate Judge Elizabeth P. Deavers**

TIM SHOOP, Warden,

                Respondent.

**OPINION AND ORDER**

    Petitioner Pickens, a prisoner sentenced to death by the state of Ohio, has a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 pending before the Court. This matter is before the Court on Pickens's Motion for Stay and Abeyance. (ECF No. 55.)

**I.    BACKGROUND**

    Pickens filed initial notice of his intent to file a habeas petition, as well as motions to proceed in forma pauperis and for appointment of counsel, on July 9, 2019. (ECF Nos. 1, 3, 5.) The Court granted the motion to proceed in forma pauperis and appointed the Office of the Federal Public Defender (FPD) for the Southern District of Ohio and its Capital Habeas Unit (CHU) to represent Pickens in these proceedings in accordance with 18 U.S.C. § 3599. (ECF No. 6.)

    Pickens filed his initial habeas petition on June 11, 2020. (ECF No. 21.) After delays to proceedings due to the Covid-19 state of emergency (ECF No. 27), Pickens timely filed his amended petition on September 23, 2021 (ECF No. 47) and the Warden timely responded with the Return of Writ on April 25, 2022 (ECF No. 54).

    Pickens now moves to stay the proceedings and hold them in abeyance while he returns to state court to exhaust new claims based on evidence discovered during these

1

proceedings and raised in his habeas petition. (ECF No. 55, PageID 12553–54.) He also

asks the Court to appoint his federal habeas counsel to represent him for the duration of his

state court proceedings. (*Id*.) The Warden does not oppose the motion. (*Id*. at PageID

12555.)

## II.     STANDARD OF REVIEW

A state prisoner petitioning for federal habeas corpus relief must first exhaust the

remedies available in the state courts. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270,

275 (1971). Exhaustion means that the petitioner "fairly presented" the claim to the state

courts in a manner that affords the state courts the opportunity to remedy the

constitutional violation, including presenting the same factual and legal basis for the claim.

*Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *Williams v. Anderson*, 460 F.3d 789, 806

(6th Cir. 2006). A claim has not been exhausted if there remain remedies available to the

petitioner in the state courts. § 2254(b), (c). Failure to exhaust will be excused and the

claim denied when the claim is plainly meritless and it would be a waste of time and

judicial resources to require exhaustion. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir.

1987).

Federal district courts may not adjudicate a mixed habeas petition that contains

both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). But

district courts have the discretion to stay habeas proceedings and hold them in abeyance to

allow a petitioner with a mixed petition of exhausted and unexhausted claims to return to

state court to exhaust his unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275–76

(2005). A stay is appropriate only when the unexhausted claims are not plainly meritless,

and the petitioner has shown good cause for his failure to exhaust the claims earlier. *Id*. at

277. But stay-and-abeyance is only available in limited circumstances at the discretion of

the district court and must be conditioned on time limits so as not to undermine the

AEDPA's objectives of streamlining habeas proceedings and encouraging finality. *Id.* at 276–78. Thus, a stay is inappropriate "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 278.

## III.   DISCUSSION

### A.   *Rhines* Stay-and-Abeyance

Pickens asks the Court to stay these habeas proceedings and hold them abeyance while he litigates newly-discovered *Brady* claims—raised here in the tenth ground for relief in his amended petition (ECF No. 47)—in a second postconviction petition to the state courts. (ECF No. 55, PageID 12560.) Pickens alleges that the state failed to turn over material exculpatory and impeachment evidence in its possession, including information regarding investigations of alternate suspects and the bribery of a prosecution witness, despite trial counsel's efforts to obtain all such information from the prosecution prior to trial, in violation of *Brady v. Maryland*. (*Id.* at PageID 12556–58.)

In the Return of Writ, the Warden argued that Pickens has not met the exhaustion requirement because his new *Brady* claims have not been presented in state court and avenues remain available in the Ohio courts to obtain relief. (ECF No. 54, PageID 12521–22.) The Warden points to the Supreme Court of Ohio's recent decision in *State v. Bethel*, __ N.E.3d __, No. 2020-0648, 2022 WL 838337 (March 4, 2022), that a meritorious *Brady* claim also satisfies the jurisdictional requirements for second or successive postconviction petitions, as creating an avenue for Pickens to present his unexhausted *Brady* claims in state court. (*Id.*) Pickens echoes the Warden's argument in his motion that Bethel provides a remedy for him in state court. (ECF No. 55, PageID 12560–61.)

Section 2953.23(A)(1) of the Ohio Revised Code conditions trial court jurisdiction over second or successive postconviction petitions on a petitioner's showing (1) that he was

"unavoidably prevented from discovery of the facts" underlying his claim, and (2) that no reasonable factfinder would have found him guilty or eligible for a death sentence but for the constitutional error at trial. In *Bethel*, the Supreme Court of Ohio held that a petitioner asserting a *Brady* claim satisfies the "unavoidably prevented" requirement of § 2953.23(A)(1)(a) by showing that the prosecution suppressed the evidence on which he now relies. *Bethel*, 2022 WL 838337, at *5. He is not required to show that he could have discovered the evidence through reasonable diligence. *Id*. Although less clear, it also appears that the court interpreted the "no reasonable factfinder" requirement as coterminous with *Brady* materiality. *Id*. at *5–6. Thus, the state courts will consider the merits of Pickens's *Brady* claims presented in a second or successive postconviction petition in its determination of jurisdiction. Because he still has an avenue in which to present his claims for relief in state court, Pickens's *Brady* claims are unexhausted for the purposes of federal habeas.

The question for the Court is whether *Rhines* stay-and-abeyance is appropriate in these circumstances to allow Pickens to return to state court to exhaust his unexhausted *Brady* claims. District courts may stay a mixed habeas petition and hold it in abeyance when the unexhausted claims are not plainly meritless, the petitioner has shown good cause for his failure to exhaust the claims earlier, and there is no indication that the petitioner is engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277.

Pickens argues that the prosecution's suppression of the exculpatory and impeachment evidence establishes good cause for his failure to exhaust these claims earlier. (ECF No. 55, PageID 12561.) He avers that the evidence at issue was discovered in 2019 and 2020 in the prosecutor's case files and the police files in the prosecutor's possession, despite trial counsel's efforts to obtain the information for trial. (*Id*. at PageID 12556.)

Pickens also maintains that his claim is potentially meritorious. He contends that the evidence regarding the police investigation of alternate suspects is exculpatory and material in light of the fact that he was convicted on circumstantial evidence and the information would have undercut the prosecution's argument that Pickens was the only person with a motive to kill Noelle Washington. (*Id.* at PageID 12562.) Likewise, he argues that the evidence that prosecution witness Jonda Palmer was offered compensation in return for her testimony is favorable and material because the prosecution repeatedly relied on Palmer's testimony in its opening and closing arguments and the Supreme Court of Ohio cited the testimony in its decision affirming Pickens's conviction and sentence. (*Id.* at PageID 12562–63.) The Warden does not oppose Pickens's motion for stay and abeyance, although he does not concede the claims are meritorious. (*Id.* at PageID 12555.)

The Court finds that *Rhines* stay-and-abeyance is appropriate here. The prosecution's withholding of the evidence regarding alternate suspects and the offer of compensation to a prosecution witness is good cause for Pickens's failure to exhaust the claims earlier. The suppressed information is also favorable exculpatory and impeachment evidence, both of which are subject to *Brady*'s duty to disclose if found to be material. Therefore, the claims are not plainly meritless. Nor is there any indication that Pickens has engaged in intentional delay or abusive litigation tactics. Accordingly, the Court **GRANTS** Petitioner's motion to stay these proceedings and hold them in abeyance pending his exhaustion of his *Brady* claims in state court.

### B.    Appointment of Counsel

Pickens also requests authorization for his federal habeas counsel to represent him in filing a successive postconviction petition in state court to exhaust his unexhausted *Brady* claims. (ECF No. 55, PageID 12564.) Pickens is currently represented by the Office

of the Federal Public Defender, Southern District of Ohio, Capital Habeas Unit, which was appointed to represent Pickens in these proceedings pursuant to 18 U.S.C. § 3599(a)(2). (ECF No. 6, PageID 48–49.) Pickens contends that he will not be able to secure adequate representation in state court—a factor which the Sixth Circuit has identified as weighing in favor of expanding habeas counsel's appointment (ECF No. 55, PageID 12564 (*citing Irick v. Bell*, 636 F.3d 289, 291 (6th Cir. 2011))—because Ohio law does not provide appointed counsel for second or successive petitions (*id*. at PageID 12565 (*citing State v. Conway*, 2013-Ohio-3741, ¶¶70–73 (App. 10 Dist. Aug. 29, 2013))). Moreover, his previous state postconviction counsel, the Ohio Public Defender, may be called to testify in the proceedings and therefore cannot represent him. (*Id*.) Pickens also points to the importance of the continuity of counsel as a reason to expand current counsel's authorization. (*Id*. at PageID 12565–66.)

Section 3599(a)(2) of Title 18 of the U.S. Code entitles those seeking habeas relief from a death sentence under § 2254 to the "appointment of one or more attorneys." Subsection (e) then defines the scope of the appointed counsel's representation:

> [E]ach attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

§ 3599(e).

In *Harbison v. Bell*, the Supreme Court held that representation in state clemency proceedings is within the scope of representation authorized by §3599(e) for counsel appointed in accordance with § 3599(a)(2). 556 U.S. 180, 185–86 (2009). Although the Court found that the plain language of the statutory text does not limit appointed counsel's

6

representation to only federal proceedings, the scope of the authorization is confined to "subsequent stage[s] of available judicial proceedings." *Id.* at 189–90. Because state postconviction proceedings typically precede federal habeas, they are not encompassed within the statute's provision for any "subsequent stage" of "available post-conviction process."  The fact that state postconviction litigation *can* follow federal habeas when a petitioner has failed to exhaust his claims is not enough to render state postconviction a stage "subsequent" to habeas. *Id.* at 190. But the Court also identified an exception: exhaustion of a previously unexhausted habeas claim, where deemed appropriate by the district court, would be covered by the catch-all provision for representation in "other appropriate motions and procedures." *Id.* at 190 n.7.

As Pickens notes in his motion, the Sixth Circuit has applied *Harbison* to hold that § 3599 applies to state proceedings only when adequate representation is not otherwise available. *Irick v. Bell*, 636 F.3d 289, 291 (6th Cir. 2009) (denying federally-funded attorney to reopen state postconviction decision because state law already affords the petitioner adequate representation); *see also Hill v. Mitchell*, No. 1:98-cv-452, 2009 WL 2898812, at *5 (S.D. Ohio Sept. 4, 2009) (denying use of federal habeas counsel for state *Atkins* hearing because state law already provides for appointed counsel in *Atkins* hearings). It has also found representation in state postconviction inappropriate when federal habeas proceedings have concluded or the claims to be raised in state court are not reviewable in federal habeas. *See Hand v. Houk*, 826 F. App'x 503, 507–08 (6th Cir. 2020) (denying federally-funded attorney to reopen exhausted claim in state court after federal habeas proceedings have concluded); *see also Lindsey v. Jenkins*, No. 1:03-cv-702, 2017 WL 4277201, at *2 (S.D. Ohio Sept. 26, 2017) (rejecting federally-funded counsel to exhaust *Hurst* claim in state

court when the motion to amend the habeas petition to add the *Hurst* claim was denied). In sum,

> a federal court may "exercise its discretion in appointing federal habeas counsel to represent their client in state post-conviction proceedings when the state petition raises issues that are or will be pleaded in a habeas petition so long as those issues are cognizable in habeas corpus and have not been previously submitted to the state court, unless the state court itself provides for representation."

*Lindsey*, 2017 WL 4277201, at *2 (*quoting Conway v. Houk*, No. 3:07-cv-345 (S.D. Ohio July 8, 2015) (ECF No. 219, PageID 15605)).

Thus, this Court has found that continued representation by appointed habeas counsel in state court is appropriate in cases where a *Rhines* stay-and-abeyance is granted to allow the exhaustion of unexhausted habeas claims and state law does not provide for the appointment of counsel. *See, e.g.*, *Conway v. Houk*, No. 3:07-cv-345, 2013 WL 6170601, at *3 (S.D. Ohio Nov. 22, 2013); *Gapen v. Bobby*, No. 3:08-cv-280, 2013 WL 5539557, at *4–5 (S.D. Ohio Oct. 8, 2013).

Those circumstances are present here. As the Court has already determined, Pickens satisfies the criteria for stay-and-abeyance because his petition is currently mixed, he has demonstrated good cause for his failure to exhaust his unexhausted *Brady* claims earlier, and those claims are not plainly meritless. His federal habeas petition has yet to be adjudicated, and the state postconviction litigation at issue directly bears on this Court's ability to review claims raised in the tenth ground for relief in his amended petition. Moreover, state law does not entitle Pickens to appointed counsel for a successive state postconviction petition. *See Conway*, 2013 WL 6170601, at *2–3 (explaining that the mandatory appointment of counsel only applies to timely-filed first petitions for postconviction relief (*citing State v. Conway*, 2013-Ohio-3741, 2013 Ohio App. LEXIS 3864, 2013 WL 4679318 (10th Dist. Aug. 29, 2013))). Accordingly, the Court **GRANTS** Pickens's

request to extend habeas counsel's appointed representation of Pickens to the exhaustion of his unexhausted *Brady* claims in state court.

## IV.    CONCLUSION

Pickens's motion to stay and hold these proceedings in abeyance pending his return to state court to exhaust the *Brady* claims raised in his tenth ground for relief is **GRANTED**. His request to authorize current habeas counsel to represent him in state postconviction proceedings related to his unexhausted *Brady* claims is also **GRANTED**. Pickens has 120 days from the date of this order to file his state court petition. Through the duration of the state court litigation, Pickens shall file with this Court quarterly status reports on the progression of the state proceedings. In the event that he is denied relief in state court, Pickens must move to lift the stay within 30 days of a denial of relief from the Supreme Court of Ohio. The existing scheduling order (ECF No. 12, as modified by ECF Nos. 27, 42, and 52) is **VACATED**.

IT IS SO ORDERED.

<u>**s/Edmund A. Sargus, Jr.**</u>
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

**Date: 7/18/2022**

9